MICHAEL GOLRICK *et al. vs.* MARIA TELLA.

PROVIDENCE—NOVEMBER 23, 1900.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanics' Liens.   Releases.*

Where a material-man executed to the owner a release of lien for the purpose of enabling the contractor to obtain a payment upon the contract, the understanding between the material-man and contractor being that the full payment due under the contract should be obtained or the release be of no effect, and the release was presented to the architect according to the terms of the contract, who gave an order upon the owner for the payment, and demand was made upon the latter by the

contractor, and a portion only of the amount due paid to the contractor :—

*Held,* that the release took effect upon the production of the paper to the architect to obtain the order, followed by the subsequent demand upon the owner and the payment of money upon the order, and that the material-man had no right to a lien.

PETITION to enforce a mechanic's lien. The facts were these : The petitioners, in common with other material-men and subcontractors, executed releases of their liens upon the property of the respondent, for. the purpose of enabling the contractor to obtain a payment upon the contract. The petitioners claimed that the releases were signed upon the under-, standing that the full amount of the payment, viz., $1,000, should be paid by the respondent owner to the contractor. The releases were presented to the architect, according to the terms of the contract, who gave the contractor an order upon the owner for the payment. The contractor made demand upon the owner for such payment and received the sum of $500, the owner agreeing to pay the remaining $500 at a future date. The petitioners thereupon brought these petitions against the owner to enforce their liens. Heard and petitions dismissed.

(1)    PER CURIAM. The court is of opinion that the releases executed by the petitioners took effect upon the production of the paper to the architect in order to obtain the order from him according to the terms of the contract, followed by the subsequent demand upon the owner and the payment of money upon said order.

The petitions of those parties who signed the release are therefore dismissed.

*Edwards & Angell, James Harris, and Frank L. Hinckley,* for respective petitioners.

*Tillinghast & Murdock,* for respondent.